**UNITED STATES**

v.

**Specialist Four Ronald E. PERKINS, 545–68–7884, U.S. Army, U.S. Army Personnel Control Facility, U.S. Army Training Center, Infantry and Fort Ord, Fort Ord, California 93941.**

**CM 430227.***

U. S. Army Court of Military Review.

9 June 1975.

---

7. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

* Consult Table of Cases in Bound Volume by Name of Accused for appellate history.

Appellate counsel for the Accused: CPT Gordon R. Denison, JAGC; CPT T. Barry Kingham, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Arnold I. Melnick, JAGC.

Appellate counsel for the United States: CPT Francis X. Wright, JAGC; CPT David A. Schlueter, JAGC; LTC Donald W. Hansen, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

VINET, Judge:

The appellant was convicted, in accordance with his pleas, of wrongful possession of heroin and narcotics paraphernalia, escape from confinement, and two periods of absence without leave. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for nine months and reduction to the grade of Private (E–1). The convening authority approved only so much of the sentence as provides for bad-conduct discharge

(suspended for six months with provision for automatic remission), forfeiture of $200.00 pay per month for six months, confinement at hard labor for six months and reduction to the grade of Private (E–1).

The issue before us is whether the military judge improperly denied appellant's motion to dismiss the charges for lack of speedy trial. We think he did.

■ The appellant was placed in pretrial confinement on 19 April 1972 for wrongfully possessing heroin and narcotics paraphernalia. He escaped from confinement the following day and remained absent without leave until 29 April 1972 when he was returned to pretrial confinement. He again escaped from confinement on 3 June 1972 and was absent without leave until 14 March 1973 when he was put in pretrial confinement for a third time. On 13 July 1973, 121 days later,[1] he was brought to trial on all of the above offenses except the second escape charge which was dismissed by the military judge on motion.

The appellant contends that, as the pretrial confinement exceeded three months, the Government had a heavy burden to show its diligence in prosecuting him. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). The Government counters that *Burton* is inapplicable to this case since three deductible defense delays served to deactivate *Burton's* "3-month" trigger.[2] In *United States v. Burton, supra*, the Court of Military Appeals established the rule that ". . . in the absence of defense requests for continuance, a presumption of an Article 10 violation will exist when pretrial confinement exceeds three months." *United States v. Driver, supra*, subsequently extended "defense requests for continuance" to include defense-

---

1. Under the rationale of *United States v. O'Brien*, 22 U.S.C.M.A. 558, 48 C.M.R. 43 (1973), the Government is not accountable for any pretrial delay before 14 March 1973. *See United States v. Brooks*, 23 U.S.C.M.A. 1, 48 C.M.R. 257 (1974).

2. Since the "90-day" rule of *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974), is prospective, the earlier "3-month" standard is for application in the instant case.

requested delays at any stage of court-martial proceedings. We will apply these guidelines to the delays in the instant case to determine whether *Burton* applies.

■ The first delay which the Government claims is chargeable to the defense is the 28-day period from 10 May to 7 June 1973 when the detailed defense counsel was on leave. In the first place, the defense counsel did not request a delay in the proceedings but only went on leave. Accordingly, applying the language of *Burton* and *Driver* literally, the Government would not be able to deduct this period of time. It might be argued in an appropriate case that the action of the defense counsel in requesting leave is tantamount to a request for a delay in the case, e. g., if the Government was prepared to go to trial during the time the defense counsel was on leave. This, however, is not such a case. The Government, here, has not demonstrated that it was prepared to try the case during the defense counsel's leave. In short, the Government has not shown that the leave caused a delay in the case. Accordingly, this period is not deductible for purposes of determining the applicability of the *Burton* presumption.

■ The second delay which the Government would deduct is the 32-day period between 8 June 1973, when a pretrial conference was held to docket the case, and 10 July 1973, the scheduled trial date. In this regard, however, the Government has not shown that the defense agreed to this delay. *See United States v. Reitz,* 22 U.S.C.M.A. 584, 48 C.M.R. 178 (1974); *United States v. O'Neal,* 48 C.M.R. 89, 92 (ACMR 1973), *pet. denied,* —— U.S.C.M.A. ——, 48 C.M.R. 1000 (1974). This period may not therefore be deducted to determine the applicability of *Burton.*

■ The third period which the Government argues is a defense-requested delay concerns the three days from 10 to 13 July 1973 during which appellant's offer to plead guilty was being acted on by the convening authority. Since the appellant did not submit his offer until one day prior to the scheduled trial date, trial was necessarily delayed to permit proper consideration and action on the offer. Under these circumstances, we will attribute this 3-day delay to the defense.

■ As the net pretrial delay is 118 days, the *Burton* presumption is applicable. The Government, therefore, had a heavy burden to demonstrate diligence. The Government failed to meet the burden. The record is devoid of any extraordinary circumstances which justify the failure of the Government to bring the charges to trial expeditiously.[3] The Government at trial offered no more than a chronology of events that tended to explain the delay but not to justify it. This is not sufficient. *United States v. Kaffenberger,* 22 U.S.C.M.A. 478, 47 C.M.R. 646 (1973).

The findings of guilty and the sentence are set aside and the charges are dismissed.

Judges DONAHUE and O'DONNELL concur.

---

3. Not even the defense counsel's leave may be considered an extraordinary circumstance. Leave is one of the normal conditions the Court of Military Appeals took into account in formulating the 3-month rule in *Burton. See United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973).